1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRY WILLIAMS,                          No.  2:15-cv-1191 GEB KJN P

12                    Petitioner,

13          v.                                ORDER AND FINDINGS &
                                              RECOMMENDATIONS
14   RON RACKLEY,

15                    Respondent.

16

17   I.  Introduction

18          Petitioner is a state prisoner, proceeding pro se and in forma pauperis.  Petitioner filed an

19   application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the

20   court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations,

21   and because it fails to state a valid claim for federal habeas relief.  For the reasons set forth below,

22   respondent's motion to dismiss this action as barred by the statute of limitations should be

23   granted.

24   II.  Legal Standards

25          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

27   petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

28   Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

1

Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

III.  Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On June 19, 2013, the California Board of Parole Hearings ("Board") concluded that petitioner posed an unreasonable risk of danger if released on parole, and therefore was not suitable for parole.  (ECF No. 1 at 200.)  The Board deferred his parole consideration for three years, citing Cal. Penal Code Section 3041.5.  (ECF No. 1 at 208.)

2.  On August 28, 2014, the San Joaquin County Superior Court received and filed petitioner's petition for writ of habeas corpus.[1]  (ECF No. 11-1 at 8.)  On October 2, 2014, the superior court denied the petition in a reasoned decision.  (ECF No. 11-1 at 2-6.)

3.  On November 3, 2014,[2] the California Court of Appeal for the Third Appellate District received and filed petitioner's petition for writ of habeas corpus.  (ECF No. 1 at Ex. C.)  The petition was denied without comment on November 13, 2014.  (ECF No. 1 at 220.)

4.  On December 28, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (ECF No. 11-4 at 10, 67-69.)  The California Supreme Court denied the petition without comment on March 25, 2015.  (ECF No. 1 at 222.)

5.  On May 30, 2015, petitioner constructively filed the instant federal petition.  (ECF No. 1 at 223.)  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

[1]  Filings by prisoners are given benefit of the mailbox rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).  However, the petition filed in the San Joaquin County Superior Court does not contain a proof of service indicating the date the petition was handed to prison officials for mailing, and petitioner did not date the petition.  (ECF No. 11-1 at 14, 70-72.)

[2]  Neither party provided a copy of the petition filed in the state court of appeal.  According to the California Courts website, the petition was filed on November 3, 2014.  The electronic dockets for the California Court of Appeal was accessed through California Courts, <http://appellatecases.courtinfo.ca.gov>, visited March 30, 2016.

6.  Respondent timely filed the motion to dismiss on January 25, 2016.[3]  (ECF No. 11.)  On March 8, 2016, petitioner filed an opposition.  (ECF No. 14.)  Respondent filed a reply on March 21, 2016.

## IV.  Motion for Extension of Time

On February 16, 2016, petitioner filed a motion for extension of time to file his opposition to the motion to dismiss.  Good cause appearing, petitioner's motion is granted, and his March 8, 2016 opposition is deemed timely-filed.

## V.  Mailbox Rule

Before turning to the substance of respondent's motion to dismiss, the court must determine whether petitioner is entitled to additional credit under the mailbox rule for his filings in the San Joaquin County Superior Court or the state court of appeal.  Applicable Ninth Circuit precedent provides:

> Under the "mailbox rule," a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court.  Thus, to benefit from the mailbox rule, a prisoner must meet two requirements. First, the prisoner must be proceeding without assistance of counsel.  Second, the prisoner must deliver the petition to prison authorities for forwarding to the court within the limitations period.

Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (internal citations omitted).

Petitioner is proceeding pro se, thereby satisfying the first element of the mailbox rule. However, there is nothing in the record to demonstrate when petitioner delivered the state court petitions to prison authorities.

Orders issued by magistrate judges in the Ninth Circuit, including the undersigned, have adopted a presumption that documents mailed from prison take three days to reach the court.  See Girley v. Swarthout, No. 2:12-cv-1938 KJN P, 2013 WL 1281871 (E.D. Cal. Mar. 26, 2013) (finding that "even if the undersigned granted petitioner three days for mailing, his filing would

---

[3] Petitioner claimed that the motion was untimely.  However, as argued by respondent, respondent is granted an additional three days to respond under Rule 6(d) of the Federal Rules of Civil Procedure.  Respondent was served electronically on November 23, 2015, and thus was required to respond, and did respond, on January 25, 2016.

1    be one day late."); <u>Smith v. Sinclair</u>, No. C09-5766 RBL/KLS, 2010 WL 1980343 (W.D. Wash.

2    May 4, 2010) (finding that undated federal habeas petition received December 9, 2009, was

3    presumptively mailed on December 6, 2009).  In addition, the Federal Rules of Civil Procedure

4    recognize a presumption that documents served by ordinary U.S. mail require three days for

5    delivery.  <u>See</u> Fed. R. Civ. P. 6(d) ("When . . . service is made under Rule 5(b)(2)(C) . . . 3 days

6    are added after period would otherwise expire . . . .").

7           Based on these authorities, and given that the petition was received by the superior court

8    on August 28, 2014, and the state court of appeal on November 3, 2014, the undersigned will

9    deem the date of mailing (and therefore of filing) for the superior court petition to be August 25,

10   2014, and for the state court of appeal petition to be October 31, 2014.

11   VI.  <u>Statute of Limitations</u>

12          Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

13   limitations for filing a habeas petition in federal court.  The one-year clock commences from one

14   of several alternative triggering dates.  <u>See</u> 28 U.S.C. § 2244(d)(1).  In this case, the applicable

15   date is that "on which the factual predicate of the claim or claims presented could have been

16   discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The Ninth Circuit

17   has held that the one-year statute of limitation applies to habeas petitions challenging state

18   administrative decisions, including parole decisions.  <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063 (9th

19   Cir. 2004) (prison disciplinary proceeding); <u>see also</u> <u>Redd v. McGrath</u>, 343 F.3d 1007, 1084-85

20   (9th Cir. 2003) (parole board decision), <u>superseded by regulation as stated in</u> <u>Erbes v. Valenzuela</u>,

21   2013 WL 3071254, *3 (C.D. Cal. 2013) (parole board decision).

22          In <u>Redd</u>, the Ninth Circuit held that the factual basis of the petitioner's claims challenging

23   a parole suitability hearing could have been discovered through the exercise of due diligence

24   when the Board denied the administrative appeal.  <u>Redd</u>, 343 F.3d at 1084.  At the time the Ninth

25   Circuit decided <u>Redd</u>, suitability decisions could be administratively appealed.  <u>Redd</u>, 343 F.3d at

26   1084.  Although California subsequently eliminated administrative review for such hearings,

27   <u>Redd</u> makes clear that the factual predicate is the date the prisoner learns that further

28   administrative review by the Board comes to an end, which at the time <u>Redd</u> was decided was the

4

1    date a prisoner's administrative appeal was denied, not the hearing date or the "effective" date of

2    the Board's decision.  Redd, 343 F.3d at 1079-82.  In addition, the provisions of the California

3    Code of Regulations expressly state that a Board decision is only a proposed decision and does

4    not become final until 120 days after the hearing date.  Cal. Code Regs. tit. 15, § 2043 ("Any

5    proposed decision granting, modifying, or denying a parole date for a life prisoner, exclusive of

6    those made during Progress Hearings, shall become final no later than 120 days after the hearing

7    at which the proposed decision was made."); see also Cal. Penal Code § 3041(b)(2) ("After July

8    30, 2001, any decision of the parole panel finding an inmate suitable for parole shall become final

9    within 120 days of the date of the hearing. . . ."

10          Thus, the statute of limitations did not begin to run until the 120-day period concluded.

11          But petitioner argues that he is entitled to an additional thirty days.  He contends that the

12   Board's decision did not become final until thirty days later, after the Governor's time to "review,

13   modify, or reverse" the parole decision elapsed, citing Cal. Penal Code § 3041.2.  Petitioner

14   claims that the "Ninth Circuit reiterated and upheld this process," citing Gilman v. Brown, 2016

15   WL 692531, *1 n.1 (9th Cir. Feb. 22, 2016).[4]  Respondent counters that petitioner does not

16   challenge the Governor's discretionary decision to review the parole decision; rather, he

17   challenges the Board's decision.  Moreover, respondent argues that the Governor's discretionary

18   review did not change the time petitioner became aware of the factual predicate of his claim.

19   (ECF No. 15 at 2.)

20          Petitioner's argument is unavailing.  His reliance on Gilman is misplaced because the

21   court in Gilman did not analyze the governor's review period in the context of AEDPA's

22   limitation period, particularly § 2244(d)(1)(D), which governs under Redd.  Furthermore, the

23   governor's discretionary review is a separate process which "simply removes final parole

---

[4] "Proposition 89 added, in pertinent part, the following language to Cal. Const. art. V, § 8:  'No
decision of the parole authority of this state with respect to the granting, denial, revocation, or
suspension of parole of a person sentenced to an indeterminate term upon conviction of murder
shall become effective for a period of 30 days, during which the Governor may review the
decision subject to procedures provided by statute.  The Governor may only affirm, modify, or
reverse the decision of the parole authority on the basis of the same factors which the parole
authority is required to consider....'"  Gilman, 2016 WL 692531, *1 n.1.

1   decision-making authority from the [Board] and places it in the hands of the governor." Johnson

2   v. Gomez, 92 F.3d 964, 967 (9th Cir. 1996).  As argued by respondent, petitioner does not

3   challenge a decision by the Governor, but rather challenges the Board's denial.  In any event,

4   Article V, section 8(b) of the California Constitution states that a Board's decision does not

5   become "effective" until the end of the thirty-day gubernatorial review period and does not

6   conflict with § 2244(d)(1)(D), as construed by Redd.  In other words, it does not change the

7   essence of the factual predicate for a prisoner's parole claim -- the date a Board's adverse parole

8   decision becomes final and is no longer subject to further administrative review by the Board.

9   Under Redd, this is the date the Board's decision becomes administratively final, which in this

10  case is October 18, 2013, 120 days after the Board made its June 19, 2013 decision finding

11  petitioner was unsuitable for parole.

12          Therefore, the statute of limitations expired one year after October 18, 2013, on October

13  18, 2014.  Petitioner did not file the instant petition in this court until May 30, 2015.

14  Accordingly, absent tolling, the petition is untimely and should be dismissed.

15  VII.  Statutory Tolling

16          The statute of limitations is tolled during the time "a properly filed application for State

17  post-conviction or other collateral review with respect to the pertinent judgment or claim is

18  pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled between the date the

19  administrative decision becomes final and the date a petitioner files his first collateral challenge

20  in state court.  See, e.g., Redd, 343 F.3d at 1085.  Section 2244(d)(2) provides that "the time

21  during which a properly filed application for State post-conviction or other collateral review with

22  respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations

23  period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled

24  during the time after a state habeas petition has been filed, but before a decision has been

25  rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas

26  petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of

27  statutory tolling during the gap or interval preceding the filing."  Id. at 781 (citing Carey v.

28  Saffold, 536 U.S. 214, 225-27 (2002)).  State habeas petitions filed after the one-year statute of

1  limitations has expired do not revive the statute of limitations and have no tolling effect.

2  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the

3  reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v.

4  Rice, 276 F.3d 478, 482 (9th Cir. 2001).

5          Petitioner filed his first state court petition on August 25, 2014.  Between October 18,

6  2013, the date the Board's decision became final, and August 28, 2014, the date he filed his first

7  state court petition, 311 days of the one year limitations period ran.  The clock stopped on August

8  25, 2014, and did not start again until the California Supreme Court denied the petition on March

9  25, 2015,[5] because petitioner did not unreasonably delay between filing his state court petitions.

10  Evans v. Chavis, 546 U.S. 189 (2006).

11          On March 26, 2015, petitioner had 54 days left to file his federal petition (365-311 = 54).

12  The 54 days ran on Tuesday, May 19, 2015.  However, petitioner did not file his petition until

13  May 30, 2015, seven days after the statute of limitations period expired.  Therefore, absent

14  equitable tolling, the motion to dismiss the petition as time-barred should be granted.

15  VIII.  Equitable Tolling

16          In his opposition to the motion, petitioner alleges no facts demonstrating that he diligently

17  pursued his rights or alleging that some extraordinary circumstance prevented him from filing his

18  federal petition.  However, in his declaration in support of his motion for appointment of counsel,

19  petitioner contends that his access to the prison law library was substantially limited, and that he

20  was unable to "study or become self-taught" given this limited access.  (ECF No. 10 at 4.)

21          "Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack

22  of diligence, account for the failure to file a timely claim.'"  McMonagle v. Meyer, 802 F.3d

23  1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).  "A

24  petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1)

25  some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently

26

27  ───────────────
[5]  Petitioner is not separately credited for the additional three days for mailing of the state court of
appeal petition because they are included within the days all of his state court petitions were
28  pending.

1  pursued his rights." <u>Luna v. Kernan</u>, 784 F.3d 640, 646 (9th Cir. 2015) (citing <u>Holland v.</u>

2  <u>Florida</u>, 560 U.S. 631, 649 (2010)).

3       "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

4  exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation

5  omitted).

6
>       To apply the doctrine in "extraordinary circumstances" necessarily
7  >       suggests the doctrine's rarity, and the requirement that
>       extraordinary circumstances "stood in his way" suggests that an
8  >       external force must cause the untimeliness, rather than, as we have
>       said, merely "oversight, miscalculation or negligence on [the
9  >       petitioner's] part, all of which would preclude the application of
>       equitable tolling.

10 <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), <u>cert.</u>

11 <u>denied</u>, 130 S. Ct. 244 (2009); <u>see also</u> <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir.

12 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's

13 burden to demonstrate that he is entitled to equitable tolling.  <u>Espinoza-Matthews v. People of the</u>

14 <u>State of California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).

15      Conclusory and unsubstantiated assertions regarding lack of law library access are

16 insufficient to satisfy petitioner's burden of showing that extraordinary circumstances beyond his

17 control made it impossible for him to file his federal habeas petition on time.  <u>See</u> <u>Spitsyn v.</u>

18 <u>Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (as amended) ("the prisoner must show that the

19 'extraordinary circumstances' were the cause of his untimeliness" (citation omitted)); <u>see also</u>

20 <u>Bryant v. Ariz. Att'y Gen.</u>, 499 F.3d 1056, 1061 (9th Cir. 2007).  "Equitable tolling is applicable

21 only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a

22 petition on time.'" <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006) (as amended) (citation

23 omitted).  Petitioner has not shown with any specificity that his limited law library access made it

24 impossible for him to file the petition on time.

25      Moreover, equitable tolling is not warranted based on an assertion that the prisoner lacks

26 legal knowledge and was unable to obtain legal assistance.  In general, a pro se prisoner's lack of

27 legal training or ignorance of the law is not an "extraordinary circumstance" that would trigger

28 equitable tolling.  <u>See, e.g.</u>, <u>Waldron-Ramsey</u>, 556 F.3d at 1013 n.4 ("a pro se petitioner's

8

confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling");

Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal

sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating

the existence of grounds for equitable tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 418

(2005) (petitioner bears burden of demonstrating grounds for equitable tolling).  Because the

statute of limitations expired on May 19, 2015, and petitioner did not file his petition until May

30, 2015, the motion to dismiss the petition as time-barred should be granted, and this action be

dismissed.  This is a harsh result, but one that is required under AEDPA.

IX.  Alternative Argument

Respondent also contends that the instant petition fails to state a valid claim for federal

habeas relief.  Because the instant action is time-barred, the court need not address respondent's

alternative argument.

X.  Appointment of Counsel

Petitioner also requested the appointment of counsel.  There currently exists no absolute

right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460

(9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

In the present case, the court does not find that the interests of justice would be served by the

appointment of counsel.

XI.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion for extension (ECF No. 13) is granted; and

2.  Petitioner's motion for appointment of counsel (ECF No. 10) is denied; and

IT IS RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 11) be granted; and

2.  This action be dismissed.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 5, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will1191.hc.sol